IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAZARITA CHAVEZ,

    **Plaintiff,**

v.                                                                                                                  No. 16-cv-1253 SMV

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 17] ("Motion"), filed on June 16, 2017. The Commissioner responded on August 29, 2017. [Doc. 21]. Plaintiff replied on September 28, 2017. [Doc. 24]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 9]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Appeals Council erred in failing to consider Dr. Morgan's reports. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings.

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. §§ 404.970(b) and 416.1470(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858 (citing 20 C.F.R. § 404.981). Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096. Accordingly, here, the Court reviews the ALJ's decision considering the entire record, including the evidence submitted to the Appeals Council. Tr. 908–66.

"anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

### **Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

In light of this definition for disability, a five-step sequential evaluation process has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) she is not engaged in "substantial gainful activity"; and (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) either meet or

3

equal one of the "Listings"[3] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for supplemental security income, a period of disability, and disability insurance benefits on July 22, 2014.  Tr. 36.  She alleged a disability-onset date of October 25, 2013.  *Id.*  Her claims were denied initially and on reconsideration.  *Id.*  Plaintiff requested a hearing before an administrative law judge ("ALJ").  *Id.*  ALJ Ann Farris held a hearing on March 30, 2016, in Albuquerque, New Mexico.  Tr. 36, 54.  Plaintiff appeared in person with her attorney.  Tr. 36, 54.  The ALJ heard testimony from Plaintiff and an impartial vocational expert, Karen N. Provine.  Tr. 36, 82–87.

The ALJ issued her unfavorable decision on May 9, 2016.  Tr. 48.  Initially, she found that Plaintiff met the insured status requirements through December 31, 2016.  Tr. 39.  At step one, she found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  *Id.*  Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two.  *Id.*  There, she found that Plaintiff suffered from the following severe impairments: post-traumatic stress disorder ("PTSD"), depressive disorder,

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

4

and polysubstance abuse. Tr. 39–40. At step three, the ALJ found that Plaintiff's impairments met Listing 12.06. Tr. 40–41. However, the ALJ found that if Plaintiff stopped using substances, her impairments, alone or in combination, would not meet or medically equal a Listing. Tr. 42–43.

Because none of Plaintiff's impairments met or medically equaled a Listing (assuming cessation of substance use), the ALJ went on to assess Plaintiff's RFC. Tr. 43–46. The ALJ found that:

> If [Plaintiff] stopped the substance use, [she] would have the [RFC] to perform light work (lift 20 pounds occasionally, stand/walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday) as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except she should avoid all exposure to hazards and can kneel, crouch and crawl only occasionally. She can have occasional, superficial contact with co-workers but no contact with the general public.

Tr. 43. At step four, the ALJ found that Plaintiff could not return to her past relevant work irrespective of her substance use. Tr. 47. At step five, the ALJ found that, based on Plaintiff's RFC, age, education, and work experience and the testimony of the VE, if Plaintiff stopped using substances, she could perform work that exists in significant numbers in the national economy. Tr. 47–48. Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, and she denied the claims. Tr. 48.

After the ALJ denied the claims, Plaintiff submitted additional evidence to the Appeals Council. Tr. 2, 5. The Appeals Council accepted certain evidence, which pre-dated the ALJ's decision, and made it part of the record. Tr. 2, 908–66. Nevertheless, the Appeals Council

found that it "[did] not provide a basis for changing the [ALJ]'s decision." Tr. 2. The evidence that post-dated the ALJ's decision was not made part of the record. Tr. 2, 9–26. The Appeals Council found that the "new information [was] about a later time[, and therefore did] not affect the [ALJ's decision]." Tr. 2. Remaining unpersuaded, the Appeals Council denied Plaintiff's request for review on September 13, 2016. Tr. 1−5. Plaintiff timely filed the instant action on November 16, 2016. [Doc. 1].

## **Analysis**

The Appeals Council erred in failing to consider Dr. Morgan's reports. *See* Tr. 16–26. Therefore, the case will be remanded. The Court will not address the other errors alleged by Plaintiff at this time in order to allow the Appeals Council the first opportunity to evaluate the ALJ's decision in light of the complete record. *See Chambers v. Barnhart*, 389 F.3d 1139, 1143 (10th Cir. 2004) ("[T]he Appeals Council, which has the responsibility to determine in the first instance whether, following submission of additional, qualifying evidence, the ALJ's decision is contrary to the weight of the evidence currently of record.") (internal quotation marks omitted).

Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). Additional evidence should only be considered if it is new, material, and chronologically pertinent. 20 C.F.R. §§ 404.970(b), 416.1470(b). Evidence is new "if it is not duplicative or cumulative," and it is material "if there is a reasonable possibility that it would have changed the outcome." *Threet*, 353 F.3d at 1191 (alterations omitted) (internal quotation marks

omitted). Evidence is chronologically pertinent if it relates to the time period on or before the ALJ's decision. *Id.* If the Appeals Council fails to consider qualifying new evidence, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence. *Id.*

In this case, Plaintiff submitted evidence to the Appeals Council that had not been before the ALJ. Some of the evidence pre-dated the ALJ's May 9, 2016 decision, Tr. 908–66, and some evidence post-dated it, Tr. 8–26. The Appeals Council accepted the earlier evidence, considered it, and summarily determined that it "[did] not provide a basis for changing the [ALJ's unfavorable] decision." Tr. 2. As to the later evidence, the Appeals Council found that it was not chronologically pertinent and, therefore, did not consider it. *Id.* Plaintiff challenges this determination and argues that the Appeals Council should have considered the later evidence. [Doc. 17] at 11–14. There is no dispute that the evidence is new, but Defendant argues that it is not chronologically pertinent or material. [Doc. 21] at 17–21.

Plaintiff argues that the reports by Clifford O. Morgan, Ph.D. are chronologically pertinent for two reasons.[4] [Doc. 17] at 11–14. First, Dr. Morgan evaluated Plaintiff on July 7, 2016, Tr. 16–22, only two months after the ALJ's decision. The doctor's three medical source statements ("MSS") are dated August 2, 2016, about three months after the ALJ's decision. Thus, Dr. Morgan's reports are close in time to the ALJ's decision and, most importantly, "address[ed] the issues that were before ALJ Farris." *Id.* at 13. For example, Dr. Morgan corroborated the diagnoses of PTSD and depression. *Compare* Tr. 22 (Dr. Morgan's report),

---

[4] Plaintiff makes no argument as to the remainder of evidence that was rejected by the Appeals Council, Tr. 8–14. *See* [Doc. 17] at 11–14; [Doc. 24] at 1–3. Accordingly, the Court does not address it.

*with* Tr. 39 (ALJ's findings). Second, Plaintiff points out that the MSSs "are retroactive to a year before the date [on] which [Dr. Morgan] evaluated [Plaintiff, i.e.,] July 2015," making them explicitly relevant to the adjudication period. [Doc. 17] at 14.

The Commissioner argues that Dr. Morgan's reports are not chronologically pertinent for three reasons. [Doc. 21] at 18. First, Dr. Morgan's reports post-date the ALJ's decision. Second, Dr. Morgan was retained by Plaintiff's attorney. Third, there is no evidence that the MSSs were retroactive by one year. *Id.* The Court is not persuaded by the Commissioner's arguments.

As to the Commissioner's first argument, the Court disagrees that the date of the report controls whether it is chronologically pertinent. The fact that Dr. Morgan's reports are dated after the ALJ's decision does not mean *ipso facto* that they cannot be chronologically pertinent. For example, in *Padilla v. Colvin*, 525 F. App'x 710, 713 (10th Cir. May 9, 2013) (unpublished), the Tenth Circuit did not require new evidence to pre-date the ALJ's decision to be chronologically pertinent. Rather, the court focused on whether the new evidence was pertinent to the issues that had been before the ALJ. *See id.* The court found, in pertinent part:

> [T]he psychological report corroborates an anxiety diagnosis reported by [the plaintiff's] treating doctor, . . . prior to the hearing, as well as [the plaintiff's] hearing testimony. Meanwhile, his intellectual functioning evaluation relates to and augments [the treating doctor's] earlier report that he could not read or write. As to the audiological report, [the plaintiff] identifies the fact that he testified about his hearing loss during the hearing before the ALJ.

8

*Id.* In *Chambers*, 389 F.3d at 1142–44, the Tenth Circuit evaluated the "chronologically pertinent" question in a similar way. The court held that medical records dated after the ALJ's decision (one day and two months respectively) were not too temporally remote to be chronologically pertinent. *Id.* However, the court found that the records were immaterial because they represented the first indication of a condition never-before presented to the ALJ. *Id.* The court similarly held that a record dated five months after the ALJ's decision was too temporally remote *where it suggested a condition that had never been presented before*. *Id.*

In this case, Dr. Morgan's reports are dated about two or three months after the ALJ's decision. Tr. 140–152. All of the reports address the functional limitations resulting from Plaintiff's mental health and drug addiction symptoms, which were clearly before the ALJ. Indeed, the Commissioner does not argue otherwise. *See* [Doc. 21].

The Commissioner's second and third arguments are equally unpersuasive. The Court sees no relevance in whether Dr. Morgan was retained by Plaintiff's counsel. Lastly, at least one of Dr. Morgan's MSSs is explicitly retroactive. Tr. 23 ("Please consider the patient's medical history and the chronicity of findings as <u>from a year prior to initial visit to current examination</u>.") (emphasis in MSS). For these reasons, the Court finds that Dr. Morgan's reports are chronologically pertinent.

Plaintiff argues that Dr. Morgan's reports are material because there is a reasonable probability that they would have changed the outcome. [Doc. 17] at 12–13. Dr. Morgan is an acceptable medical source whose reports offer a retrospective opinion as to Plaintiff's impairments and resultant functional limitations. Importantly, Dr. Morgan opines that

9

Plaintiff's functioning is more restrictive than the ALJ determined. *Id.* Defendant disagrees. [Doc. 21] at 18–21. She surveys the evidence of record and argues that Dr. Morgan's psychological evaluation "generally supports the ALJ's [RFC assessment]." *Id.* at 18, *see id.* 18–20. Defendant concedes, however, that Dr. Morgan's MSSs are more restrictive than the ALJ's RFC assessment. *Id.* at 20. She then offers reasons why an adjudicator may not adopt Dr. Morgan's view. *Id.* at 20–21. The standard before this Court is different, though. Materiality is determined by whether there is a "reasonable probability" that the evidence would have changed the outcome. There is at least a reasonable probability that Dr. Morgan's reports would have changed the outcome. The Court agrees with Plaintiff that Dr. Morgan's reports are material.

Because Dr. Morgan's reports qualify as new, material, and chronologically pertinent, the motion will be granted and the case remanded for further proceedings.

## Conclusion

The Appeals Council erred in failing to consider certain evidence that post-dated the ALJ's decision. Tr. 16–26. Therefore, the Motion will be granted, and the case will be remanded. The Court will not address the other errors alleged by Plaintiff at this time in order to allow the Appeals Council the first opportunity to evaluate the ALJ's decision in light of the complete record. *See Chambers*, 389 F.3d at 1143.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 17] is

**GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent**